UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

ARIEL NUNEZ,

                        Plaintiff,

   -against-

BROOKHAVEN SCIENCE ASSOCIATES, LLC,

                      Defendant.

----------------------------------------------------------------X

**FILED**
**CLERK**
2:17 pm, Jan 16, 2024
**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

**MEMORANDUM & ORDER**
CV 23-272 (GRB)(AYS)

**GARY R. BROWN, United States District Judge:**

Presently before the Court are defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), or in the alternative, for summary judgment pursuant to Fed. R. Civ. P. 56, Docket Entry ("DE") 24, and plaintiff's cross-motion for summary judgment. DE 24-22. For the reasons stated below, both motions are DENIED WITHOUT PREJUDICE.

    **Background**

Plaintiff Ariel Nunez brings this action against his former employer, defendant Brookhaven Science Associates ("BSA"), asserting that it unlawfully fired him in violation of the Americans with Disabilities Act ("ADA"). *See generally* Complaint, DE 1. Plaintiff alleges that he suffers from several health conditions, including chronic rhinosinusitis, gastroesophageal reflux disease, Raynaud's Syndrome, Sjogren's Syndrome, and Rheumatoid Arthritis, some of which are the result of exposure to hazardous substances during the September 11, 2001, attack on the World Trade Center. *See* Plaintiff's Statement of Material Facts, DE 24-24 ¶¶ 45-60. He was hospitalized for anaphylactic reactions to vaccines on two separate occasions. *Id.* ¶¶ 64-65.

1

During the COVID-19 pandemic, plaintiff worked for defendant as an engineer. *Id.* ¶ 68. Once the COVID-19 vaccine became widely available, defendant instituted a vaccine mandate for its employees, with exemptions available for contraindicated individuals as determined by a medical panel led by Dr. Albert Rielly. *Id.* ¶ 9. Plaintiff requested an exemption from the vaccine mandate, stating that he wanted time to consult with a physician to ensure the vaccine was safe for him. *Id.* ¶¶ 23-24. Dr. Rielly reviewed plaintiff's request and determined he did not have a medical condition that would warrant an exemption. *Id.* ¶¶ 27-30. Plaintiff later reiterated his request and attached a note from his personal physician, Dr. Raymond Ebarb, stating that it would be "reasonable to defer vaccin[ation] until [plaintiff's] medical problems [are] better defined." *Id.* ¶¶ 34-36. Defendant again denied this request and fired plaintiff on December 21, 2021. *Id.* ¶¶ 39-41.

Following his termination, plaintiff notified BSA of his intent to file an employment grievance and requested guidance about the correct agency to contact. *Id.* ¶ 74. Receiving no clear response from defendant, plaintiff contacted the Equal Employment Opportunity Commission ("EEOC"), which mistakenly directed him to file a charge with the Office of Federal Contract Compliance Programs. *Id.* ¶ 75. Plaintiff reached out to the EEOC again several months later and was allegedly told that he needed to complete an intake interview prior to filing an EEOC charge. *Id.* ¶ 76. The first available appointment was in September 2022, but plaintiff managed to advance his interview to July 6, 2022, and filed an EEOC charge immediately thereafter. *Id.*

After receiving a right-to-sue letter, plaintiff commenced the instant lawsuit on January 16, 2023, bringing a disability discrimination claim under the ADA. Defendant filed a motion to

dismiss, or in the alternative, for summary judgment, on October 3, 2023.  DE 24.  Plaintiff filed a cross-motion for summary judgment.  DE 24-22.

**Discussion**

*Standard of Review*

Motions to dismiss are decided under the well-established standard of review for such matters, as discussed in *Burris v. Nassau County District Attorney*, No. 14-5540 (JFB) (GRB), 2017 WL 9485714, at *3-4 (E.D.N.Y. Jan. 12, 2017), *adopted by* 2017 WL 1187709 (E.D.N.Y. Mar. 29, 2017), and incorporated by reference herein.  The gravamen of that standard, of course, is the question of whether, assuming the allegations of the complaint to be true solely for the purposes of the motion, the complaint sets forth factual material to render the claims plausible.  *See id.*

*Timeliness*

For an ADA claim to be timely, a plaintiff is generally required to file a "charge [with the EEOC] within [180] days after the alleged unlawful employment practice occurred."  42 U.S.C. § 2000e-5(e)(1).  However, if a plaintiff "initially instituted proceedings with a State or local agency with authority to grant or seek relief from" a discriminatory practice, the claim is timely if the charge is filed within 300 days.  *Id.*  Defendant argues that BSA is located within a federal enclave that is not subject to New York State's antidiscrimination laws, so the 180-day deadline applies.  Although this argument is likely meritorious,[1] the Court need not address it at length because plaintiff's claims, even if otherwise untimely, are equitably tolled.

---

[1] Every federal court to consider the issue has determined that BSA is located within a federal enclave. *See, e.g.*, *Sundaram v. Brookhaven Nat. Lab'ys*, 424 F. Supp. 2d 545, 569–70 (E.D.N.Y. 2006); *Schiappa, Sr. v. Brookhaven Sci. Assocs., LLC*, 403 F. Supp. 2d 230, 238 (E.D.N.Y. 2005).  These decisions have almost always found that New York State antidiscrimination laws do not apply to BSA and that a 180-day filing deadline applies to EEOC complaints filed against it.  *See Cummings v. Brookhaven Sci. Assocs., LLC*, No. 11-CV-1299 (DRH)(ETB), 2011 WL 6371753, at *7 (E.D.N.Y. Dec. 20, 2011) (collecting cases).

3

The Second Circuit has stated that "equitable tolling is only appropriate in rare and exceptional circumstances in which a party is prevented in some extraordinary way from exercising his rights." *Zerilli-Edelglass v. New York City Transit Auth.*, 333 F.3d 74, 80 (2d Cir. 2003) (internal quotations omitted). A plaintiff must also demonstrate that he "acted with reasonable diligence during the time period" sought to be tolled. *Chapman v. ChoiceCare Long Island Term Disability Plan*, 288 F.3d 506, 512 (2d Cir. 2002). Courts have found "exceptional circumstances" to include when a defendant's misleading conduct prevented the plaintiff from becoming aware of his cause of action, *see Miller v. Int'l Tel. & Tel. Corp.*, 755 F.2d 20, 24 (2d Cir. 1985), or when inaccurate statements from the EEOC caused the plaintiff to misunderstand his obligations. *Walker v. Linklaters LLP*, 948 F. Supp. 2d 396, 400 (S.D.N.Y. 2013); *see also Harris v. City of N.Y.*, 186 F.3d 243, 248 n.3 (2d Cir. 1999) ("Generally courts do not penalize litigants for EEOC's mistakes and misinformation."). Although the outbreak of the COVID-19 pandemic caused widespread disruption, courts in this circuit have held that the pandemic "is not, standing alone, sufficient to warrant equitable tolling absent a more specific personal showing (for example, that a specific government-imposed restriction prevented [the plaintiff] from meeting his filing deadline)." *Gomez v. Henry St. Settlement*, No. 20-CV-5585 (AT)(BCM), 2021 WL 4943509, at *6 (S.D.N.Y. July 27, 2021), *adopted by* 2021 WL 4239177 (S.D.N.Y. Sept. 17, 2021).

Here, plaintiff's allegations suggest that extraordinary obstacles prevented him from filing his EEOC complaint within 180 days and that he exercised reasonable diligence before and during the 17-day period sought to be tolled. In the weeks following his termination, plaintiff requested guidance from defendant's employees as to where he should file his discrimination charge but did not receive a clear answer. DE 24-24 ¶ 74. Although this likely does not rise to

4

the level of misleading conduct by defendant, it does suggest that plaintiff was pursuing his rights at the earliest opportunity. Plaintiff then contacted the EEOC and was erroneously referred to the Office of Federal Contract Compliance Programs; after that agency rejected his filing, he again reached out to the EEOC about his discrimination charge. *Id.* ¶ 75. Like in *Walker*, this delay is attributable to an EEOC employee's mistake and should not be held against plaintiff. *See* 948 F. Supp. 2d at 400. Finally, in March 2022, plaintiff was told by the EEOC that he was required to schedule a telephone intake interview prior to filing a charge[2] but that the earliest available appointment was in September. *Id.* ¶ 76. Plaintiff was later able to move his interview up to July and then submit his formal charge. *Id.* Unlike in *Gomez*, plaintiff can point to specific ways in which the COVID-19 pandemic—and the EEOC's response—prevented him from filing his charge of discrimination within the 180-day window. 2021 WL 4943509, at *6. Plaintiff's inability to quickly file a charge due to pandemic-related policies constitutes an extraordinary circumstance, and the fact that he secured an earlier interview than the one he initially scheduled is further illustrative of his diligence. Therefore, plaintiff has established that equitable tolling is warranted in this case.

*Merits*

Having determined that plaintiff's ADA claim is timely, the Court would ordinarily proceed to the merits of the case. However, the complex issues presented here are simply inappropriate for resolution on a motion to dismiss[3] when many critical factual questions remain

---

[2] In its brief, defendant argues that plaintiff was not required to complete an interview prior to filing his EEOC charge, so the filing delay due to the EEOC backlog should not be excused. *See* DE 24-1 at 12-13. However, at this juncture, the Court must take all allegations as true and assume that the EEOC did have such a policy (or that an EEOC employee erroneously led plaintiff to believe that such a policy existed, in which case the error would again be attributable to the agency rather than plaintiff).

[3] At the premotion conference held on May 15, 2023, the Court indicated that defendant's anticipated motion to dismiss might be construed as a motion for summary judgment based on the numerous documents the parties intended to attach to their briefs. DE 17. As such, the parties filed Rule 56.1 statements in preparation for this

unanswered. These include, (1) Dr. Ebarb's bases for recommending extending plaintiff's vaccination deadline, (2) defendant's apparent failure to engage in an interactive process to attempt to accommodate plaintiff, and (3) any evidence proffered by plaintiff to rebut Dr. Rielly's conclusion that plaintiff could safely take the vaccine. Therefore, both parties' motions for summary judgment are denied without prejudice with the opportunity to renew following discovery on these and other pertinent issues.

**Conclusion**

For the foregoing reasons, defendant's motion to dismiss, or in the alternative, for summary judgment and plaintiff's cross-motion for summary judgment are DENIED WITHOUT PREJUDICE. The parties are directed to continue with discovery with the assigned Magistrate Judge.

**SO ORDERED.**

Dated: Central Islip, New York
January 16, 2024

/s/ Gary R. Brown
GARY R. BROWN
United States District Judge

---

motion, which have been very helpful; however, the record is simply insufficiently developed to decide either party's summary judgment motion at this time.